U.S. DISTRICT COURT
WESTERN DIST ARKANSAS
FILED

MAR 19 2013

CHRIS R. JOHNSON, Clerk
By _____
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TOMMY REDDICK, )
 )
PLAINTIFF )
 )
 ) CASE NO.: 13-1027
V. )
 )
 )
UNITED STATES OF AMERICA, )
 )
DEFENDANT )

## COMPLAINT

Comes now the Plaintiff, Tommy Reddick, and for his cause of action against the Defendant states unto the Court as follows:

1. Plaintiff is a resident of Bradley County, Arkansas. Defendant is the United States of America. The events complained of herein occurred in the Western District of Arkansas.

2. Plaintiff brings this action pursuant to the Federal Tort Claims Act, 28 U.S.C. 2671 to 28 U.S.C. 2680; this court has jurisdiction pursuant to 28 U.S.C. 1346(b)(1) and 28 U.S.C. 1331.

3. Plaintiff filed an administrative claim with the Defendant agency, the Department of Veterans Affairs, pursuant to the Federal Tort Claims Act, for negligent care he received at Defendant's CAVHS. That claim was administratively denied on or about April 11, 2011. A copy of the said denial is attached hereto as Exhibit A. Plaintiff timely requested a reconsideration. This reconsideration request was denied on July 31, 2012, as evidenced by the statement from the VA Office of General Counsel of the agency, marked as Exhibit B. Plaintiff instituted his proceedings in this court within six months thereof.

4. Plaintiff was admitted to the Central Arkansas VA Medical Center on or about August 30, 2010 for the repair of a torn rotator cuff tear to his right shoulder. Plaintiff underwent surgical reduction of his shoulder after signing an appropriate informed consent form. At no time was Plaintiff advised by Defendant's agents and servants that any of the side effects of such operation would include the loss of vision in his right eye and Plaintiff would *not* have given such consent had he known there would have been a risk of a loss of vision to his right eye.

5. After undergoing the otherwise routine surgery in August, 2010 and coming out from under the sedative, Plaintiff found he had lost virtually all useful vision in his right eye, even though he had had excellent vision in both eyes before the operation aforesaid. Plaintiff was in considerable pain in his right eye as well.

6. After the August, 2010 surgery and in the presence of Plaintiff spouse, Brenda Reddick, among others, the attending VA physician informed your Plaintiff that blood flow had been cut off from his right eye when a strap had been placed over his forehead, evidently not monitored by the Defendant's agents and servant, and had slipped over his right eye during the surgery and that this was the cause of the vision loss to his right eye. Additionally there was information given to the Plaintiff the anesthesia that he had been administered caused irreversible damage to his right eye as well.

7. Attached hereto as Exhibit C, is a report from August 18, 2011 from the agency's ophthalmology department in which the agency's physician opined that because Plaintiff did not have diabetes-related vision loss, it was unlikely his diabetes could have been the cause of his post-surgical vision loss and that Plaintiff's central retinal arterial occlusion was likely due to the result of the surgery (when the strap slipped from his forehead onto his right eye thereby cutting off the circulation of blood flow), together with the anesthesia; the physician opined it was unlikely that such risks were discussed with the Plaintiff.

8. Defendant's agents, servants, and employees at the Central Arkansas VA Medical Center were careless and negligent in the following particulars concerning Plaintiff's care in August, 2010, viz:

a. They failed to obtain <u>informed consent</u> from the Plaintiff, advising him of the potential risks that the strap placed over his forehead for purposes of undergoing rotator cuff tear in August, 2010 could slip and slide onto his right eye, thereby cutting off the circulation of blood flow to the eye;

b. They failed to inform Plaintiff of possible vision loss as a result of such strap being placed over his forehead could slip and slide onto his eye thereby cutting off the circulation of his right eye, as well as the side effects of the anesthesia on his vision when they secured his consent to undergo surgery;

c. They failed to exercise ordinary care under the circumstances and deviated from the appropriate standard of care in this case, i.e.: that the Plaintiff would have normally been advised of the risks and he could have made an informed consent as to whether he agreed to the rotator cuff tear repair verses the possibility of a total loss vision occlusion in his right eye as a very real risk to this invasive procedure as well as negligently failed to monitor his condition during the August, 2010 operation by not recognizing that the strap had slipped from Plaintiff's forehead to his right eye; and

therefrom, and that such deviation and Defendant's employees failure to obtain proper consent from him was the sole proximate cause of Plaintiff's visual loss and that he recover judgment against the Defendant for such damages in the amount of $400,000.00 and for all other just and proper relief to which he may be truly entitled.

Respectfully submitted,

James W. Stanley, Jr.
Arkansas Bar No. 75124
917 West Markham, Suite A
Little Rock, AR 72201
(501) 324-2889 FAX (501) 324-2820