IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

TOMMY REDDICK                                                                                    PLAINTIFF

V.                                        CIVIL NO. 1:13-cv-1027

UNITED STATES OF AMERICA                                                          DEFENDANT

## ORDER

Before the Court is Defendant United States of America's Motion to Dismiss (ECF No. 6). Plaintiff Tommy Reddick ("Reddick") has responded. (ECF No. 8). The Court finds the matter ripe for consideration.

## BACKGROUND

Reddick brings this action pursuant to the Federal Torts Claims Act, 28 U.S.C. §§ 2671 to 2680 ("FTCA"). Prior to this action, on April 11, 2012, Reddick submitted an administrative tort claim to the United States Department of Veterans Affairs ("VA"). On July 31, 2012, the VA formally denied Reddick's claim by written letter. The letter denying Reddick's claim advised him:

> Further action on this matter may be instituted in accordance with the FTCA, sections 1346(b) and 2671-2680, title 28, United States Code, which provides, in effect, that a tort claim that is administratively denied may be presented to a Federal district court for judicial consideration. Such a suit must be initiated, however, within 6 months after the date of mailing of this notice of final denial as shown by the date of this letter (section 2401(b)), title 28 United States Code).

Accordingly, the FTCA required Reddick to initiate proceedings in this Court by January 27, 2013.

Knowing this requirement, Reddick states he mailed his complaint to this Court on January 11, 2103, via the United States Postal Service. On February 25, 2013, having not received an acknowledgment of the filing, Reddick mailed a letter to this Court's clerk informing the clerk that he had mailed his complaint on January 11, 2011, but he had not received a filing confirmation and his filing fee check was never cashed. Reddick asked the clerk to investigate the matter. Reddick also copied the letter to the postmaster notifying him of the issue and asking for assistance in locating the complaint. In the letter to the clerk and the postmaster, Reddick reported that his counsel mailed another complaint to Pine Bluff, Arkansas also on January 11, 2011, and it was timely received. Reddick's counsel's secretary also called the clerk's office asking whether or not the complaint had been received. The clerk informed Reddick's counsel that the she never received the complaint. After it became apparent the complaint had been lost or misplaced, Reddick hand delivered his complaint to this Court, and the complaint was actually filed on March 19, 2013. The United States filed the instant motion to dismiss under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

STANDARD OF REVIEW

Rule 12(b)(1) provides that a claim may be dismissed for lack of jurisdiction over the subject matter. Fed. R. Civ. P. 12(b)(1). Rule 12(b)(1) is "rooted in the unique nature of the jurisdictional question." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). In determining a Rule 12(b)(1) motion, the court may look to evidence outside the pleadings. *Id.* Reviewing outside evidence under Rule 12(b)(1) does not convert the motion into a Rule 56(c) summary judgment motion. *Deuser v. Vecera*, 139 F.3d 1190, 1192 n.3 (8th Cir. 1998). When a

complaint is facially challenged on jurisdiction, all of the factual allegations in the complaint are presumed to be true. *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993). If the court finds that subject matter jurisdiction is lacking, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999).

## DISCUSSION

The United States argues that Reddick's claims are barred because Reddick did not file his complaint within six months of the denial of his administrative claim as required by the FTCA. Reddick does not dispute that his complaint was filed outside the time period. However, Reddick argues that the time period should be equitably tolled because he mailed his complaint prior to the deadline but the United States Postal Service lost his complaint.

The doctrine of equitable tolling applies to FTCA claims against the government. *Motley v. U.S.*, 295 F.3d 820, 823 (8th Cir. 2002). *Id.* However, "equitable tolling is an exceedingly narrow window of relief." *Finch v. Miller*, 491 F.3d 424, 427-28 (8th Cir. 2007). Courts have generally reserved the remedy of equitable tolling for circumstances which were truly beyond the control of the plaintiff. *Hill v. John Chezik Imports*, 869 F.2d 1122, 1124 (8th Cir. 1989). Equitable tolling has been limited to situations in which "the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). Courts are "generally much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Id.*

In this case, the Court declines to apply equitable tolling. Assuming that Reddick mailed his complaint on January 11, 2013 and the postal service lost his complaint, Reddick failed to

exercise due diligence to investigate the matter and refile his complaint. When he did not receive acknowledgment of the filing and when the filing fee check was never cashed, Reddick waited until late February, almost a month after the filing period's expiration, to investigate the matter. Through that investigation, Reddick learned that the clerk never received the complaint. Even then, Reddick waited until March 19, 2013, to refile his complaint. At all times, Reddick was represented by counsel and had full knowledge of the January 27, 2013 statutory deadline. By waiting a month to investigate and then waiting another month to refile his complaint, Reddick failed to exercise due diligence to preserve his legal rights. Therefore, the Court finds that equitable tolling is not warranted in this case. Accordingly, Reddick's claim is statutorily barred.

## CONCLUSION

For the reasons stated above, the Court finds that Defendant's Motion to Dismiss (ECF No. 6) is **GRANTED.** Accordingly, Plaintiff's case is **DISMISSED WITH PREJUDICE**. Because Defendant's Motion for Summary Judgment (ECF No. 11) moves to dismiss Plaintiff's case on the same grounds, the motion is now **MOOT**.

**IT IS SO ORDERED**, this 9th day of January, 2014.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge